**FILED**
**United States Court of Appeals**
**Tenth Circuit**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

**March 2, 2026**

_____

**Christopher M. Wolpert**
**Clerk of Court**

ANNA M. DORO-ON,

    Plaintiff - Appellant,

v.

FRANKLIN R. SAFFEN; JOHN H.
JAMES, JR.; HERMAN GOODEN,
JR.; ROBERT J. THOMAS;
TIMOTHY W. WOLF; STEPHEN E.
BEARD; DOYLE L. DUNN; CRAIG
S. REED; TIMOTHY MCDONALD,
in their individual capacities,

    Defendants - Appellees.

No. 25-1051
(D.C. No. 1:23-CV-02416-DDD-MDB)
(D. Colo.)

_____

**ORDER AND JUDGMENT** [*]

_____

Before **MATHESON**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and
**BACHARACH**, Circuit Judge.

_____

[*]    Oral argument would not help us decide the appeal, so we have
decided the appeal based on the record and the parties' briefs. *See* Fed. R.
App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

    This order and judgment does not constitute binding precedent except
under the doctrines of law of the case, res judicata, and collateral estoppel.
But the order and judgment may be cited for its persuasive value if
otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

This appeal involves constitutional claims against eight federal employees.[1] For these constitutional claims, a remedy sometimes exists under the Supreme Court's opinion in *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). But the district court concluded that this remedy didn't apply. We agree.

## *Bivens* Claims

The plaintiff sued the federal employees for retaliation under the First and Fourth Amendments after she had reported workplace misconduct. The district court dismissed these causes of action for failure to state a valid claim, and the plaintiff appeals.[2]

To resolve this appeal, we conduct de novo review. *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1278 (10th Cir. 2021). This review addresses whether the allegations state a facially plausible claim for relief. *Strain v. Regalado*, 977 F.3d 984, 989 (10th Cir. 2020). To apply this standard, we credit the allegations in the complaint, view them in the light

---

[1]    These defendants are Stephen Beard; Herman Gooden, Jr.; Robert Thomas; Timothy Wolf; Doyle Dunn; Craig Reed; Timothy McDonald; and Franklin Saffen. The district court also dismissed claims against a ninth employee: John James, Jr. based on personal jurisdiction. But the plaintiff has waived appellate review of this ruling by failing to challenge it. *See Sawyers v. Norton*, 962 F.3d 1270, 1286 (10th Cir. 2020) ("Issues not raised in the opening brief are deemed abandoned or waived." (internal quotation marks omitted)).

[2]    In the heading, the plaintiff also seeks a certificate of appealability. But she doesn't need one. *See* 28 U.S.C. § 2253(c)(1).

most favorable to the plaintiff, and draw all reasonable inferences in her favor. *Brooks*, 985 F.3d at 1281.

The threshold issue is whether *Bivens* provides a remedy for the alleged violations of the First and Fourth Amendments. This issue involves two questions:

1.    Context: The Supreme Court has recognized the availability of a *Bivens* remedy in limited contexts. Does the plaintiff's claim involve a new context?

2.    Special Factors: If the claim does involve a new context, do special factors weigh against the availability of an action for damages?

*Egbert v. Boule*, 596 U.S. 482, 492 (2022).

For the first inquiry, we compare the context of the plaintiff's claim to the three contexts where a *Bivens* remedy has been recognized: (1) claims involving violation of the Fourth Amendment by entering a home, restraining the homeowner, and threatening his family; (2) claims involving violation of the Fifth Amendment by committing sex discrimination against a congressman's administrative assistant; and (3) claims involving violation of the Eighth Amendment by failing to provide adequate medical treatment.

The plaintiff claims that the federal employees violated the First Amendment by retaliating against her for reporting misconduct. But the Supreme Court hasn't recognized a *Bivens* remedy in this context. In fact,

3

the Court has squarely held that "there is no *Bivens* action for First Amendment retaliation." *Id.* at 499.

The plaintiff points out that the Supreme Court has recognized the availability of a retaliation claim in *Pickering v. Board of Education*, 391 U.S. 563 (1968). But *Pickering* involved a claim against a state board, not a federal employee. 391 U.S. at 564. And members of a state board can incur liability under 42 U.S.C. § 1983, not *Bivens*. So *Pickering* doesn't suggest recognition of a *Bivens* remedy for a First Amendment claim of retaliation.

The plaintiff relies not only on the First Amendment but also on the Fifth Amendment. For violations of this amendment, the Supreme Court has recognized the availability of a *Bivens* remedy. *Davis v. Passman*, 442 U.S. 228, 245 (1979). The context there was the alleged firing of a congressional staff member based on gender. *Id.* at 230–31. The context here is different: The plaintiff doesn't claim that she was fired, and she works for an agency rather than Congress.

Not only is the context new, but the availability of other remedies weighs against recognition of a *Bivens* remedy: An administrative remedy exists under the Civil Service Reform Act of 1978, and a statutory remedy exists under Title VII of the Civil Rights Act of 1964. *See Robbins v. Bentsen*, 41 F.3d 1195, 1201–03 (7th Cir. 1994) (declining to recognize a *Bivens* remedy for a denial of due process given the availability of an

4

administrative remedy under the Civil Service Reform Act); *see also Lombardi v. Small Bus. Admin.*, 889 F.2d 959, 960–61 (10th Cir. 1989) (observing that the availability of a comprehensive remedy under the Civil Service Reform Act provided a special factor weighing against the availability of a *Bivens* remedy).

The plaintiff contends that Title VII doesn't provide a complete remedy. But Title VII provides an alternative remedy even if it's limited. *Egbert v. Boule*, 596 U.S. 482, 493 (2022).

The plaintiff argues that her Fifth Amendment claim involves not only sex discrimination, but also a denial of due process and free speech. But the complaint alleged a violation of the Fifth Amendment based on sex discrimination, not a denial of due process or free speech. R. vol. 4, at 1430.

**Amendment of the Complaint**

After the plaintiff appealed, she asked us to let her amend the complaint to cure any defects. But a claimant has to request amendment in the district court, not our court. *See* Fed. R. Civ. P. 15.

\* \* \*

We affirm the dismissal. The plaintiff hasn't shown an error in the rulings on the *Bivens* claims, and she waived an appellate challenge to the ruling on personal jurisdiction. We also deny the motion for leave to amend

because this motion should have been filed in district court rather than our court.

Entered for the Court


Robert E. Bacharach
Circuit Judge